[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Keliah Reid appeals from the judgment of the trial court sentencing him to incarceration following his conviction for robbery, aggravated robbery and felonious assault. On appeal, counsel for Reid has filed a brief in accordance with Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, stating that a conscientious review of the record has revealed no arguable errors in the trial proceedings. Consequently, counsel has sought to withdraw from the appeal while urging this court, consistent with Anders, to conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous."Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
This court has the responsibility to review the entire record and, if the appeal is wholly frivolous, either to dismiss the appeal or to conclude that there is no prejudicial error. If, however, we find that legal points arguable on their merits exist, we must afford Reid the assistance of counsel to argue the appeal.
In this case, Reid was sentenced on three counts. The other five counts were merged for the purposes of sentencing. The court ordered that the sentences for the multiple offenses were to be served consecutively. A court may order sentences for multiple offenses to be served consecutively if the following applies:
 the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4). Here, the trial court failed to state on the record the findings that are necessary to support the imposition of consecutive sentences pursuant to R.C. 2929.14(E)(4). The failure to make such findings on the record is, arguably, reversible error. SeeState v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. This case accordingly presents legal points arguable on the merits. See Anders,386 U.S. at 744, 87 S.Ct. at 1400. The appeal is therefore not wholly frivolous.
Consequently, we grant the motion of counsel to withdraw. We appoint attorney Peter A. Gabor to serve as counsel for Reid and order him to brief the issue of whether the trial court erred in imposing consecutive sentences and to present any other error that he might discover in a diligent review of the record on appeal. Wherefore, we give counsel for the appellant until December 22, 2000 to file his brief and give the appellee until January 31, 2001 to file its brief.
Judgment accordingly.
Hildebrandt, P.J., Painter and Sundermann, JJ.